29008. VAUGHNER *v.* CITY OF ATLANTA.

DECIDED SEPTEMBER 8, 1941.

*R. B. Giles,* for plaintiff in error.

*J. C. Savage, E. L. Sterne, J. C. Murphy, F. A. Hooper Jr.,* contra.

MACINTYRE, J. According to the defendant in error's brief, "this case presents one simple legal question, as follows: was the conviction of the defendant for violation of the lottery ordinance legal when the copy of charges designated the offense as 'disorderly conduct?'" The record discloses that there is an ordinance in the City of Atlanta against "disorderly conduct," as follows: "Any person, who shall, within the corporate limits of Atlanta, be guilty of an act of public indecency, tending to debauch the morals of any of the citizens, or of quarrelling, or of using obscene, vulgar, profane language, or malicious mischief, or otherwise act in a disorderly manner (which offense is not recognized as penal by laws of

this State) shall on conviction pay a fine of not exceeding one hundred dollars and costs, or be imprisoned in the stationhouse not more than thirty days, in the discretion of the recorder's court." There is also another ordinance against possessing lottery tickets, which is in part as follows: "Any person holding or having in possession any ticket or form under which, if the number thereon, by reference to any publication, or by any other means of determining or fixing the lucky number, the purchaser is entitled to receive more than he pays for the same, shall be prima facie guilty of an offense and on conviction thereof in the recorder's court shall be punished by a fine of not less than twenty-five dollars and cost, or by imprisonment in the stockade for not less than thirty days, either or both penalties to be inflicted in the discretion of the recorder."

"Unless there is something in the charter to the contrary, it is not necessary that a person accused of a violation of a municipal ordinance shall be furnished with a written accusation or statement of the charge made against him. It is sufficient if he be informed of the charge and be given an opportunity to defend." *Wynne* v. *Atlanta,* 10 *Ga. App.* 818 (74 S. E. 286) ; *Porter* v. *Atlanta,* supra. The record shows that a case was docketed against the defendant in which it appeared that the charges against him were designated as "disorderly conduct," to which the defendant pleaded not guilty and went to trial. The copy of the charges also designated the crime as "disorderly conduct." The evidence did not authorize a finding of guilty of disorderly conduct, but would have authorized a finding of guilty of possessing lottery tickets, if there had been such a charge. There is nothing in the record to show that the defendant was informed either in writing or otherwise that he was to be or was being tried on any charge other than the one docketed against him, to wit, disorderly conduct. The mere fact that the evidence pertained to lottery tickets, and referred to no disorderly conduct, and would have supported a verdict of guilty of possessing lottery tickets, was, under the circumstances, no notice, either complete or incomplete, to the defendant that he was not being tried for disorderly conduct, the crime to which he had pleaded, but on the contrary was being tried for possessing lottery tickets. The judge erred in overruling the certiorari.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*